# United States Court of Appeals
## Second Circuit

Chambers of José A. Cabranes
*U.S. Circuit Judge*

August 10, 2009

(203) 867-8782

## By Federal Express

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Washington, D.C. 20544

Re: **Financial Disclosure Report for Calendar Year 2008**
    **(AO-10, Rev. 1/2007) (Amended)**

Friends:

Attached is the original and three additional copies of the captioned amended report for the calendar year 2008, dated August 10, 2009, including four attachments thereto (Attachments "A," "B," "C," and "D"). On May 13, 2009, I was informed by George D. Reynolds, Esq., Staff Counsel of the Committee on Financial Disclosure ("Committee") that the Chair of the Committee, The Honorable Bobby R. Baldock, had granted me an extension of time until August 13, 2009 to complete the filing of this report. In addition, I understand that Attachment "C" of this report will effectively serve as an amendment of my financial disclosure forms for previous years with respect to arguable "gifts."

This amended report replaces the one filed on July 16, 2009 and is submitted in response to Judge Baldock's letter to me dated August 4, 2009.

I would be pleased to answer any inquiry by your Committee concerning any aspect of the attached material, or to provide your Committee with such additional information as it may require.



JAC:jh

Attachments: As Indicated

Cabranes, Jose A

| AO 10<br>Rev. 1/2008 | FINANCIAL DISCLOSURE REPORT<br>FOR CALENDAR YEAR 2008 | Report Required by the Ethics<br>in Government Act of 1978<br>(5 U.S.C. app. §§ 101-111) |
|---|---|---|

| 1. Person Reporting (last name, first, middle initial)<br><br>Cabranes, Jose A. | 2. Court or Organization<br><br>U.S. Court of Appeals - 2d Cir | 3. Date of Report<br><br>08/10/2009 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time)<br><br>U.S. Circuit Judge (Active) | 5a. Report Type (check appropriate type)<br><br>☐ Nomination,     Date<br>☐ Initial    ☑ Annual    ☐ Final<br><br>5b. ☑ Amended Report | 6. Reporting Period<br><br>01/01/2008<br>to<br>12/31/2008 |
| 7. Chambers or Office Address<br><br>U.S. Courthouse<br>141 Church Street<br>New Haven, CT 06510 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations.<br><br>Reviewing Officer_____ Date_____ | |

*IMPORTANT NOTES: The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

# I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. See "Attachment A" hereto | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

# II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☑ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. | |
| 2. | |
| 3. | |

RECEIVED 2009 AUG 12 A 10: 29 FINANCIAL DISCLOSURE OFFICE

| Name of Person Reporting | Date of Report |
|---|---|
| Cabranes, Jose A. | 08/10/2009 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

[✓] NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

[ ] NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE |
|---|---|
| 1. 2008 | University of Chicago Press (Royalites) |
| 2. 2008 | Thomson-West (Royalties) |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS – *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

[ ] NONE *(No reportable reimbursements.)*

| SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|
| 1. See "Attachment B" hereo | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☐ NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. The Quinnipiak Club, New Haven, CT | Lunch (at my own expense) privilege | |
| 2. See "Attachment C" attached hereto | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☑ NONE *(No reportable liabilities.)*

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Cabranes, Jose A. | 08/10/2009 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. Fidelity Asset Manager | B | Dividend | K | T | | | | | |
| 2. CT Higher Education Trust | | None | J | T | | | | | |
| 3. CT Higher Education Trust | | None | K | T | | | | | |
| 4. Citizens Bank accounts | A | Interest | J | T | | | | | |
| 5. HSBC Savings Account | A | Interest | J | T | | | | | Closed 5/6/08 |
| 6. Vanguard Money Market Account | D | Dividend | N | T | | | | | |
| 7. Vanguard REIT Index Fund | A | Dividend | | | Sold | 10/13 | J | | Closed 10/13/08 |
| 8. Vanguard Totatl STK MKTETF | A | Dividend | | | Sold | 10/16 | K | | Closed 10/16/08 |
| 9. Vanguard Value Index Fund | A | Dividend | | | Sold | 10/14 | J | | Closed 10/14/08 |
| 10. Vanguard Money Market Fund | A | Dividend | J | T | Buy | 10/14 | J | | Opened 10/14/08 |
| 11. Chase CD | A | Interest | M | T | Buy | 12/17 | M | | Opened 12/17/08 |
| 12. Evergreeen Serv. Co. | A | Dividend | J | T | | | | | |
| 13. Macy's, f/k/a Federated Department Stores, f/k/a May Depart. | A | Dividend | J | T | | | | | |
| 14. WYE Wyeth | A | Dividend | J | T | | | | | Sold 1/23/09 |
| 15. TIAA-CREF Annuity (vested) | D | Dividend | J | T | | | | | |
| 16. TIAA-CREF Pension | | None | P1 | T | | | | | |
| 17. TIAA-CREF IRA | | None | K | T | | | | | |

| 1. Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Cabranes, Jose A. | 08/10/2009 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets)  Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 18. Hartford Life & Annuity Ins. Co. (variable life ins. policy) | | None | K | T | | | | | |
| 19. Nuveen MS Active Assets Tax-Free Trust | A | Interest | J | T | | 1/3 | J | | opened 1/3/08 |
| 20. NPI Nuveen Premium INC MUN FD | B | Interest | K | T | Buy | 8/4 | K | | opened 8/4/08 |
| 21. Nuveen Conn DVD ADV MUNI | D | Interest | M | T | Buy | 1/3 | M | | opened 1/3/08 |
| 22. PBCT People's United Financial Inc. | B | Dividend | K | T | Buy | 3/19 | K | | IPO 3/19/07 |
| 23. See "Attachment D" hereto | | | | | | | | | |

| 1. Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Cabranes, Jose A. | 08/10/2009 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of Report.)*

See "Attachment D"

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Sig

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FAI                                      TO CIVIL
AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

José A. Cabranes
U.S. Circuit Judge (Second Circuit)
July 16, 2009; Amended August 10, 2009


FINANCIAL DISCLOSURE REPORT FOR CALENDAR YEAR 2008


ATTACHMENT A

I.    Positions

Trustee of Columbia University, New York, NY

Trustee of the William Nelson Cromwell Foundation, New York, NY

Member of the Academic Advisory Committee of the Institute for Constitutional Studies, The
        George Washington University, Washington, DC


Note:   No income of any kind was derived from any of the "positions" or services or activities noted in this
        Attachment A.

José A. Cabranes
U.S. Circuit Judge (Second Circuit)
July 16, 2009; Amended August 10, 2009

FINANCIAL DISCLOSURE REPORT FOR CALENDAR YEAR 2008

ATTACHMENT B

IV.    Reimbursements - transportation, lodging, food, entertainment:

| Source | Description |
|---|---|
| 1. Columbia University<br>New York, NY | Meals, and the cost of transportation and (where indicated) lodging, to and from New York in connection with my duties as a Columbia trustee at each of the following meetings of the Board of Trustees or its committees in New York:<br><br>March 7-8, 2008<br>October 10, 2008<br>December 12-13, 2008 (lodging) |
| 2.  Duke Law School<br>Raleigh-Durham, NC | Meals, the cost of transportation to/from Raleigh-Durham, N.C., ground transportation and lodging in connection with judging a moot court.<br><br>February 6-8, 2008 |
| 3. University of Leiden<br>Law School<br>The Netherlands | Meals, the cost of transportation to/from The Netherlands, ground transportation and lodging for spouse and person reporting in connection with lecture at The University of Leiden seminar.<br><br>March 17-23, 2008 |
| 4.  The Common Good Institute<br>Washington, D.C. | Meals, the cost of transportation to/from Washington, D.C. and lodging in connection with attendance at a conference of The Brookings Institution.<br><br>April 14-15, 2008 |
| 5. Yale Latino Law Students Association<br>New Haven, CT | One meal at the Yale Latino Law Students Association dinner in connection with being presented their Public Service Award.<br><br>May 3, 2008 |
| 6.  City Bar Association<br>New York, NY | One meal and the cost of transportation to/from New York, NY in connection with presentation of the Henry L. Stimson Medal to Assistant United States Attorneys in the Southern and Eastern Districts of New York.<br><br>June 3, 2008 |

| | |
|---|---|
| 7. American Council of Trustees and Alumni<br>New York, NY | One meal in connection with the presentation of the Merrill Award to Prof. Donald Kagan of Yale University<br><br>October 17, 2008 |
| 8. William Nelson Cromwell Foundation<br>New York, NY | One meal at annual meeting of William Nelson Cromwell Foundation held in New York, NY.<br><br>November 3, 2008 |
| 9. NY County Lawyers Association<br>New York, NY | One meal and the cost of transportation to/from New York, NY in connection with presentation of the Association's Charles Evan Hughes Lecture.<br><br>November 18, 2008 |

José A. Cabranes
U.S. Circuit Judge (Second Circuit)
July 16, 2009; Amended August 10, 2009

## FINANCIAL DISCLOSURE REPORT FOR CALENDAR YEAR 2008

## ATTACHMENT C

V. <u>Gifts</u>

In 2008, and for many years since I became a federal judge in December 1979, I have benefitted from the opportunity afforded by The Quinnipiack Club of New Haven, Connecticut ("Club") to state and federal judges who work in New Haven, and to the Mayor of the City of New Haven, to have lunch at the Club <u>at their own expense</u>.

In Pub. L. No. 110-402, Section 2, 122 Stat. 4255 (Oct. 13, 2008), Congress enacted legislation prohibiting a judicial officer from accepting a gift of an honorary club membership with a value of more than $50 in any calendar year. This legislation was followed by a May 13, 2009 advisory letter regarding this legislation to federal judges from the Chair of the Committee on Codes of Conduct of the Judicial Conference of the United States, captioned "Restrictions on Honorary Club Memberships." This legislation and letter caused me to question for the first time whether the lunch arrangement at the Club constitutes a "gift" reportable on my annual Financial Disclosure Form. After careful consideration of the matter, I have concluded that, in the circumstances presented, reporting the arrangement may be appropriate.

Under the arrangement described above I have never been, nor am I now, a member or honorary member of the Club. Nor have I ever been entitled, or am I now entitled, to any of the usual perquisites of Club membership—e.g., the rights to have breakfast or dinner at the Club; provide lodging at the Club for guests; or use the banquet facilities of the Club. Because the luncheon arrangement described above is available to no other group or groups of persons, and is not available for purchase by any other group, neither the Club nor I are able to fix a "value" for the arrangement, much less the "fair market value" of the arrangement. Nevertheless, in the interest of completeness, and in light of the recent legislation and the guidance of the Committee on Codes of Conduct, I hereby report the arrangement, despite the fact that I have been unable to determine how a value on the arrangement can be determined and despite my inability to be certain of its reportability.

In sum, because of the impossibility of determining the value of this arrangement, I have decided to discontinue this limited association with the Club, effective on the date of this annual Financial Disclosure Form.

José A. Cabranes
U.S. Circuit Judge (Second Circuit)
July 16, 2009; Amended August 10, 2009

FINANCIAL DISCLOSURE REPORT FOR CALENDAR YEAR 2008

ATTACHMENT D

VIII. Additional information or explanations. (Indicate part of Report).

VII, 16:              ████████ university pension plan since 1984.

VII, 18:              ████████ cash value life insurance policy, which is part insurance and part investment, was obtained in 1998 and has been in effect since then. Initially it had no reportable "investment value." Value indicated refers to investment value of the policy as of December 31, 2007.

VII, 22(D)           Shares purchased on March 19, 2007 as part of People's United Financial Inc.'s initial public offering (or "IPO") of shares.


                     See also "Attachment C"

# FINANCIAL DISCLOSURE REPORT
## FOR CALENDAR YEAR 2008

Report Required by the Ethics
in Government Act of 1978
(5 U.S.C. app. §§ 101-111)

| 1. Person Reporting (last name, first, middle initial)<br><br>Cabranes, Jose A. | 2. Court or Organization<br><br>U.S. Court of Appeals - 2d Cir | 3. Date of Report<br><br>7/16/2009 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time)<br><br>U.S. Circuit Judge (Active) | 5a. Report Type (check appropriate type)<br><br>☐ Nomination,     Date<br>☐ Initial    ☑ Annual    ☐ Final<br><br>5b. ☐   Amended Report | 6. Reporting Period<br><br>01/01/2008<br>to<br>12/31/2008 |
| 7. Chambers or Office Address<br><br>U.S. Courthouse<br>141 Church Street<br>New Haven, CT 06510 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations.<br><br>Reviewing Officer_____ Date_____ | |

**IMPORTANT NOTES:** *The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐   NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. See "Attachment A" hereto | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

RECEIVED 2009 JUL 17 A 9: 58 FINANCIAL DISCLOSURE OFFICE

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☑   NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. | |
| 2. | |
| 3. | |

| Name of Person Reporting | Date of Report |
|---|---|
| Cabranes, Jose A. | 7/16/2009 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☑ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE |
|---|---|
| 1. 2008 | University of Chicago Press (Royalites) |
| 2. 2008 | Thomson-West (Royalties) |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS — *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☐ NONE *(No reportable reimbursements.)*

| SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|
| 1. See "Attachment B" hereo | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Cabranes, Jose A. | 7/16/2009 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☐ NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. The Quinnipiak Club, New Haven, CT | Lunch (at my own expense) privilege | |
| 2. See "Attachment C" attached hereto | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☑ NONE *(No reportable liabilities.)*

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Cabranes, Jose A. | 7/16/2009 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. Fidelity Asset Manager | B | Dividend | K | T | | | | | |
| 2. CT Higher Education Trust | | None | J | T | | | | | |
| 3. CT Higher Education Trust | | None | K | T | | | | | |
| 4. Citizens Bank accounts | A | Interest | J | T | | | | | |
| 5. HSBC Savings Account | A | Interest | J | T | | | | | Closed 5/6/08 |
| 6. Vanguard Money Market Account | D | Dividend | N | T | | | | | |
| 7. Vanguard REIT Index Fund | A | Dividend | | | Sold | 10/13 | J | | Closed 10/13/08 |
| 8. Vanguard Totatl STK MKTETF | A | Dividend | | | Sold | 10/16 | K | | Closed 10/16/08 |
| 9. Vanguard Value Index Fund | A | Dividend | | | Sold | 10/14 | J | | Closed 10/14/08 |
| 10. Vanguard Money Market Fund | A | Dividend | J | T | Buy | 10/14 | J | | Opened 10/14/08 |
| 11. Chase CD | A | Interest | M | T | Buy | 12/17 | M | | Opened 12/17/08 |
| 12. Evergreen Serv. Co. | A | Dividend | J | T | | | | | |
| 13. Macy's, f/k/a Federated Department Stores, f/k/a May Depart. | A | Dividend | J | T | | | | | |
| 14. WYE Wyeth | A | Dividend | J | T | | | | | Sold 1/23/09 |
| 15. TIAA-CREF Annuity (vested) | D | Dividend | J | T | | | | | |
| 16. TIAA-CREF Pension | | None | P1 | T | | | | | |
| 17. TIAA-CREF IRA | | None | K | T | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less F =$50,001 - $100,000 | B =$1,001 - $2,500 G =$100,001 - $1,000,000 | C =$2,501 - $5,000 H1 =$1,000,001 - $5,000,000 | D =$5,001 - $15,000 H2 =More than $5,000,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less N =$250,001 - $500,000 P3 =$25,000,001 - $50,000,000 | K =$15,001 - $50,000 O =$500,001 - $1,000,000 | L =$50,001 - $100,000 P1 =$1,000,001 - $5,000,000 P4 =More than $50,000,000 | M =$100,001 - $250,000 P2 =$5,000,001 - $25,000,000 | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal U =Book Value | R =Cost (Real Estate Only) V =Other | S =Assessment W =Estimated | T =Cash Market | |

| Name of Person Reporting | Date of Report |
|---|---|
| Cabranes, Jose A. | 7/16/2009 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 18. Hartford Life & Annuity Ins. Co. (variable life ins. policy) | | None | K | T | | | | | |
| 19. Nuveen MS Active Assets Tax-Free Trust | A | Interest | J | T | | 1/3 | J | | opened 1/3/08 |
| 20. NPI Nuveen Premium INC MUN FD | B | Interest | K | T | Buy | 8/4 | K | | opened 8/4/08 |
| 21. Nuveen Conn DVD ADV MUNI | D | Interest | M | T | Buy | 1/3 | M | | opened 1/3/08 |
| 22. PBCT People's United Financial Inc. | B | Dividend | K | T | | | | | |
| 23. See "Attachment D" hereto | | | | | | | | | |

| 1. Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Cabranes, Jose A. | 7/16/2009 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of Report.)*

See "Attachment D"

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signatur

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

José A. Cabranes
U.S. Circuit Judge (Second Circuit)
July 16, 2009

## FINANCIAL DISCLOSURE REPORT FOR CALENDAR YEAR 2008

### ATTACHMENT A

I.    <u>Positions</u>

Trustee of Columbia University, New York, NY

Trustee of the William Nelson Cromwell Foundation, New York, NY

Member of the Academic Advisory Committee of the Institute for Constitutional Studies, The George Washington University, Washington, DC

<u>Note</u>:  No income of any kind was derived from any of the "positions" or services or activities noted in this Attachment A.

José A. Cabranes
U.S. Circuit Judge (Second Circuit)
July 16, 2009

FINANCIAL DISCLOSURE REPORT FOR CALENDAR YEAR 2008

ATTACHMENT B

IV.     Reimbursements - transportation, lodging, food, entertainment:

| Source | Description |
|---|---|
| 1. Columbia University<br>New York, NY | Meals, and the cost of transportation and (where indicated) lodging, to and from New York in connection with my duties as a Columbia trustee at each of the following meetings of the Board of Trustees or its committees in New York:<br><br>March 7-8, 2008<br>October 10, 2008<br>December 12-13, 2008 (lodging) |
| 2. Duke Law School<br>Raleigh-Durham, NC | Meals, the cost of transportation to/from Raleigh-Durham, N.C., ground transportation and lodging in connection with judging a moot court.<br><br>February 6-8, 2008 |
| 3. University of Leiden<br>Law School<br>The Netherlands | Meals, the cost of transportation to/from The Netherlands, ground transportation and lodging for ▮▮▮▮▮ person reporting in connection with lecture at The University of Leiden seminar.<br><br>March 17-23, 2008 |
| 4. The Common Good Institute<br>Washington, D.C. | Meals, the cost of transportation to/from Washington, D.C. and lodging in connection with attendance at a conference of The Brookings Institution.<br><br>April 14-15, 2008 |
| 5. Yale Latino Law Students Association<br>New Haven, CT | One meal at the Yale Latino Law Students Association dinner in connection with being presented their Public Service Award.<br><br>May 3, 2008 |
| 6. City Bar Association<br>New York, NY | One meal and the cost of transportation to/from New York, NY in connection with presentation of the Henry L. Stimson Medal to Assistant United States Attorneys in the Southern and Eastern Districts of New York.<br><br>June 3, 2008 |

7. American Council of Trustees
   and Alumni
   New York, NY

One meal in connection with the presentation of the Merrill Award to Prof. Donald Kagan of Yale University

October 17, 2008

8. William Nelson Cromwell
   Foundation
   New York, NY

One meal at annual meeting of William Nelson Cromwell Foundation held in New York, NY.

November 3, 2008

9. NY County Lawyers Association
   New York, NY

One meal and the cost of transportation to/from New York, NY in connection with presentation of the Association's Charles Evan Hughes Lecture.

November 18, 2008

José A. Cabranes
U.S. Circuit Judge (Second Circuit)
July 16, 2009

<u>FINANCIAL DISCLOSURE REPORT FOR CALENDAR YEAR 2008</u>

<u>ATTACHMENT C</u>

V. <u>Gifts</u>

In 2008, and for many years since I became a federal judge in December 1979, I have benefitted from the opportunity afforded by The Quinnipiack Club of New Haven, Connecticut ("Club") to state and federal judges who work in New Haven, and to the Mayor of the City of New Haven, to have lunch at the Club <u>at their own expense</u>.

In Pub. L. No. 110-402, Section 2, 122 Stat. 4255 (Oct. 13, 2008), Congress enacted legislation prohibiting a judicial officer from accepting a gift of an honorary club membership with a value of more than $50 in any calendar year. This legislation was followed by a May 13, 2009 advisory letter regarding this legislation to federal judges from the Chair of the Committee on Codes of Conduct of the Judicial Conference of the United States, captioned "Restrictions on Honorary Club Memberships." This legislation and letter caused me to question for the first time whether the lunch arrangement at the Club constitutes a "gift" reportable on my annual Financial Disclosure Form. After careful consideration of the matter, I have concluded that, in the circumstances presented, reporting the arrangement may be appropriate.

Under the arrangement described above I have never been, nor am I now, a member or honorary member of the Club. Nor have I ever been entitled, or am I now entitled, to any of the usual perquisites of Club membership—e.g., the rights to have breakfast or dinner at the Club; provide lodging at the Club for guests; or use the banquet facilities of the Club. Because the luncheon arrangement described above is available to no other group or groups of persons, and is not available for purchase by any other group, neither the Club nor I are able to fix a "value" for the arrangement, much less the "fair market value" of the arrangement. Nevertheless, in the interest of completeness, and in light of the recent legislation and the guidance of the Committee on Codes of Conduct, I hereby report the arrangement, despite the fact that I have been unable to determine how a value on the arrangement can be determined and despite my inability to be certain of its reportability.

In sum, because of the impossibility of determining the value of this arrangement, I have decided to discontinue this limited association with the Club, effective on the date of this annual Financial Disclosure Form.

José A. Cabranes
U.S. Circuit Judge (Second Circuit)
July 16, 2009

## FINANCIAL DISCLOSURE REPORT FOR CALENDAR YEAR 2008

## ATTACHMENT D

VIII. Additional information or explanations. (Indicate part of Report).

VII, 37:    █████ university pension plan since 1984.

VII, 39:    █████ cash value life insurance policy, which is part insurance and part investment, was obtained in 1998 and has been in effect since then. Initially it had no reportable "investment value." Value indicated refers to investment value of the policy as of December 31, 2007.

See also "Attachment C"